UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YONG NI,

    Defendant.

Case No. 26-cr-20231

Honorable Robert J. White

## PROTECTIVE ORDER BASED ON STIPULATION

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

IT IS HEREBY ORDERED that the pretrial disclosure of discovery materials, as well as confidential tax returns and taxpayer return information, as described in the stipulation below, is controlled by the provisions of the stipulation and agreement.

SO ORDERED.

Dated: May 6, 2026

s/Robert J. White
Robert J. White
United States District Judge

## STIPULATION BY PARTIES

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America and the defendant, through their respective counsel of record herein, as follows:

A.      The government anticipates providing discovery material in this matter containing personal information of the defendant and third parties ("Protected Information"), which may include, but is not limited to: alien registration numbers, immigration and nationality information, immigration applications, immigration records, employment records, social security numbers, birth dates, telephone numbers, addresses, and financial information (such as account numbers). This also includes tax return and taxpayer information as described below.

B.      The government also anticipates providing discovery material governed by Rule 6(e) of the Federal Rules of Criminal Procedure.

C.      Due to the volume of discovery material that the government intends to produce in this case, individual redaction of Protected Information before production to the defendant as discovery would be impractical and time-consuming. Some of this data is also relevant to factual and legal issues in this case.

D.      The parties understand, however, that the discovery material should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

2

E.     Further, the discovery materials in this case contain, among other things, confidential tax returns and taxpayer return information within the meaning of 26 U.S.C. § 6103(b). Disclosure of such tax return and taxpayer return information is governed by 26 U.S.C. § 6103(a), which mandates that return and return information will be confidential except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the defense of such tax return and taxpayer return information in accord with Rule 16 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, but further disclosure of this tax return and taxpayer return information by defendant or his attorney(s) is restricted by Section 6103.

F.     The government has followed all requirements of Rule 16 and will follow the requirements of 18 U.S.C. § 3500. The parties are aware of the limitations of 26 U.S.C. § 6103(a), regarding tax returns and taxpayer return information, and the appropriate legal purposes for which certain discovery may be used.

G.     THEREFORE, the parties stipulate and agree to the following:

1.     This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2.     This Protective Order pertains to all discovery material provided to or made available to defense counsel as part of discovery in this matter.

3.     By signing this Stipulation, defense counsel agree discovery materials and their contents, and any notes or other record of such materials or their contents,

3

should not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

4.      Defendant's counsel and defendant will not disclose the tax return information or other private information contained in the discovery material directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

5.      Discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions should be treated in the same manner as the original matter. Discovery materials may be shown to but not given to or remain in the custody of potential witnesses (except investigators and experts retained on behalf of the defendants).

6.      The discovery material is now and will forever remain the property of the United States Government. The discovery material and information therein may only be used in connection with the litigation of this case and for no other purpose. Defense counsel will return electronic discovery material to the government at the conclusion of this case and permanently delete any copies from their computer

systems. If any defendant, defense counsel, defense investigator, expert, or support staff has produced or been provided copies of the discovery material, defense counsel shall ensure the copies are destroyed. Within 90 days following the conclusion of the litigation in this matter, to include when any direct appeal has become final, defense counsel shall certify in writing to counsel for the United States that all of the discovery material have been returned, destroyed, and/or shredded.

7.      In the event the defense seeks to utilize the discovery material in any court filing, at trial or in another hearing in this matter, all Protected Information must be redacted from the discovery material prior to its use except to the extent necessary to address relevant factual or legal issues. Furthermore, any court filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

8.      If defense counsel deems it necessary to use unredacted Protected Information or material subject to Rule 6(e) of the Federal Rules of Criminal Procedure in any court filing, defense counsel shall first advise and confer with counsel for the government and provide counsel for the government reasonable time to object and/or discuss measures to protect such information.

9.      Any person receiving disclosure of discovery materials shall be subject to the Protective Order's terms. Defense counsel shall inform the defendant and any

other person to whom disclosure is made of the existence and the Protective Order's terms, including by providing such person a copy of the Protective Order and obtaining from such person written acknowledgment of the Protective Order. Defense counsel also shall direct the defendant and any other person to whom disclosure is made not to disclose or use any information contained in the discovery in violation of the Protective Order. Any unauthorized disclosure of discovery material may constitute a violation of the Court's Protective Order.

10.     In the event that the defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Protective Order.

STIPULATED TO:

s/Sean L. King
SEAN L. KING
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Michigan
(313) 226-9727
sean.king@usdoj.gov

/s/ *William W. Swor (with consent)*
WILLIAM W. SWOR
Attorney for Yong Ni
500 Griswold Street, Suite 2450
Detroit, MI 48226
(313) 733-9345
wwswor@wwnet.net

/s/ Timothy E. Garcia
TIMOTHY E. GARCIA
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9522
timothy.garcia@usdoj.gov

Dated: May 5, 2026

6